IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| JOEY LIENDER,<br><br>Plaintiff,<br><br>v.<br><br>L3HARRIS TECH.,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER DENYING PLAINTIFF'S [25] MOTION TO SEAL<br><br>Case No. 2:22-cv-00081-CMR<br><br>Magistrate Judge Cecilia M. Romero |

## I.     BACKGROUND

All parties in this case have consented to the undersigned conducting all proceedings, including entry of final judgment (ECF 10). 28 U.S.C. § 636(c); Fed. R. Civ. P. 73. This matter was removed from state court on February 8, 2022 (ECF 2). On August 3, 2022, Plaintiff Joey Liender (Plaintiff) filed a Sealed Motion to Seal the Case (Motion) (ECF 25). Plaintiff argues this case has "the potential risk to national security and due to the risk it can potentially pose Plaintiff's family who resides in Iran" (ECF 25). Defendant L3Harris Technologies (Defendant) filed an Opposition arguing Plaintiff failed to rebut the strong presumption in favor of public access (ECF 26). In the Reply, Plaintiff provides a more specific concern over his family who reside in Iran, including concerns about the Iran government torturing his family and that his prior employment with Defendant required him to have a secret security clearance (ECF 27). On August 9, 2022, the court entered a Docket Text Order (ECF 29) directing Defendant to submit a Sur-Reply (ECF 30), to which Plaintiff filed a Sealed Response (ECF 31). Having carefully considered the relevant filings, the court finds that oral argument is not necessary and will decide this matter on the basis of written memoranda. *See* DUCivR 7-1(g). For the reasons set forth below, this court DENIES the Motion.

## II.     DISCUSSION

Local Rule 5-2(a) provides, "Court records are presumptively open to the public. Unless restricted by statute or court order, the sealing of civil cases is highly discouraged. In extraordinary circumstances, a judge may sua sponte order a case to be sealed or may order a case to be sealed by granting a party's motion." DUCivR 5-2(a). *Id.* Indeed, "sealing entire cases is even more disfavored because doing so 'conceal[s] the very existence of lawsuits from the public' and, therefore, is a measure of last resort." *Miller v. Fluent Home, LLC*, No. 2:20-CV-00641, 2020 WL 5659051, at *1 (D. Utah Sept. 23, 2020) (quoting *Standard Chartered Bank Int'l (Am.) Ltd. v. Calvo*, 757 F. Supp. 2d 258, 260 (S.D.N.Y. 2010)).

"The party seeking to overcome the presumption of public access to the documents bears the burden of showing some significant interest that outweighs the presumption." *Hansen v. The Police Dep't of Salt Lake City Corp.*, No. 2:15-CV-722-JNP-PMW, 2016 WL 4769340, at *3 (D. Utah Sept. 13, 2016) (quoting *Helm v. Kansas*, 656 F.3d 1277, 1292 (10th Cir. 2011)). In particular, Local Rule 5-2 provides that a motion to seal an existing case must "identify the statute, rule, case law, or other basis permitting the court to seal the case." DUCivR 5-2(c); *see also Mullins v. United States*, No. 4:21-CV-00057-DN, 2022 WL 280784, at *4 (D. Utah Jan. 31, 2022) (denying motion to seal where the plaintiff failed to identify "the statute, rule, case law, or other basis permitting the court to seal the case"). In *Hansen*, the plaintiff contended that his case should be sealed "because he [was] a victim of a violent crime." *Hansen*, 2016 WL 4769340, at *3. The court concluded that the plaintiff had not "demonstrated a 'significant interest' overcoming the presumption of public access" and therefore denied the motion—even though the defendant did not oppose the motion. *Id.* The court reasoned that, just because the plaintiff was "the victim of an assault," that was not sufficient, without more, to "rebut the presumption." *Id.*

Here, Plaintiff's Motion fails to overcome the presumption. The court notes Plaintiff has articulated a concern for the safety of his family given his security clearance, but it is not clear how the present matter impacts his family. The Complaint in this matter is employment related. Plaintiff alleges claims of fraud, wrongful termination, ADA violation, deprivation of property, First Amendment violation, misrepresentation, slander/libel and defamation and false light (ECF 2-1). None of these claims address his family, Iran, his alleged security clearance, or any of the concerns he provides in his Motion. Plaintiff provides no legal authority that, under these circumstances, would justify sealing the matter. To the contrary, like the *Hansen* case, even being the victim of an assault was not enough to rebut the presumption. Plaintiff offers only tenuous speculation and conjecture. Such does not overcome the presumption that applies in this matter.[1]

### III.   CONCLUSION AND ORDER

For the foregoing reasons, the court hereby DENIES Plaintiff's Motion to Seal (ECF 25) and ORDERS that the seal be removed from the Motion and Response (ECF 25, 31).

IT IS SO ORDERED.

DATED this 21 February 2023.

Magistrate Judge Cecilia M. Romero
United States District Court for the District of Utah

---

[1] In the Reply, Plaintiff invites the court to order certain information be redacted. The court declines this request and instead directs Plaintiff to the Standard Protective Order, which "applies in every case involving the disclosure of any information designated as confidential" and is effective at the time a case is filed in this court. *See* DUCivR 26-2.