IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| JOEY LIENDER,<br><br>                              Plaintiff,<br><br>v.<br><br>L3HARRIS TECHNOLOGIES, INC.,<br>CHARLES DENERIS, and BRIAN<br>SPENCER,<br><br>                              Defendants. | MEMORANDUM DECISION AND<br>ORDER GRANTING DEFENDANTS' [45]<br>& [51] MOTIONS TO DISMISS<br><br>Case No. 2:22-cv-00081-CMR<br><br><br>Magistrate Judge Cecilia M. Romero |

All parties in this case have consented to the undersigned conducting all proceedings, including entry of final judgment (ECF 10). *See* 28 U.S.C. § 636(c); *see also* Fed. R. Civ. P. 73. Before the court are two Motions: Defendant L3Harris Technologies' (L3Harris) Motion to Dismiss (L3Harris' Motion) (ECF 45) and Defendants Charles Deneris and Brian Spencer's Motion to Dismiss (Individual Defendants' Motion) (ECF 51). The court also considers each of the Motions' respective Oppositions (ECF 52; ECF 57) and Reply Memoranda (ECF 55; ECF 58). Having carefully considered the relevant filings, the court finds that oral argument is not necessary and decides this matter on the written memoranda. *See* DUCivR 7-1(g). For the reasons set forth below, the court GRANTS the Motions.

## I.        BACKGROUND

Plaintiff's action arises from his time working, and later his firing, as a program manager for L3Harris (ECF 41 at ¶¶ 22, 272). This spanned roughly from 2010 to 2021 (*id.*). According to Plaintiff, L3Harris was his employer and is a "corporation" and "a Prime Contractor and a Subcontractor to the US Department of Defense" (*id.* at ¶¶ 7, 29). And both the Individual Defendants were at some point Plaintiff's supervisors (*id.* at ¶¶ 50, 72). Relevant to the Motions,

1

Plaintiff alleges to be part of a protected class as he is a person of Persian descent born outside of the United States (*id.* at ¶ 23). Plaintiff also alleges L3Harris "is a Public Entity" and "its employees public entity employees" under the Utah Protection of Public Employees Act (UPPEA), or Utah Code Ann. § 67-21-1 (*id.* at ¶ 30).

Plaintiff alleges that on or about 2011 to 2012, after receiving positive yearly reviews, he engaged in protected activity by raising good faith questions to his management regarding off the clock work, and this protected activity led to later racial discrimination and retaliation by Defendants (ECF 41 at ¶¶ 32, 325–28). This concern originally regarded L3Harris' Communication Systems West (CSW); a program used to account for time spent working on projects for L3Harris (*id.* at ¶ 32). According to Plaintiff, CSW was not accurately reflecting employee work performed outside of regular business hours, helping L3Harris gain an economic advantage against its competitors, and forcing employees to forgo pay (*id.* at 53–56). Plaintiff further alleges unlawful conduct from Defendants including to but not limited to discrimination and retaliation via negative performance reviews, accusations of false timecard violations, spreading false rumors, and inaction on sexual assault (*id.* at ¶¶ 236, 243, 153).

Plaintiff's Second Amended Complaint is the operative complaint and asserts sixteen causes of action against L3Harris and the Individual Defendants (collectively, Defendants) (*id.* at 47 – 84).[1] L3Harris' Motion asks the court to "dismiss all but Plaintiff's Title VII and ADA claims" (Causes of action 1 and 4) with prejudice (ECF 45 at 1). L3Harris argues that all of Plaintiff's state

---

[1] Plaintiff's causes of action are as follows: (1) Wrongful termination in violation of Utah Antidiscrimination Act (UADA) and Title VII of the Civil Rights Act of 1964 (Title VII); (2) Wrongful termination in violation of public policy; (3) Wrongful termination in violation of the Utah Protection of Public Employees Act (UPPEA), Utah Code Ann.§ 67-21-1; (4) Violation of the American Disability Act (ADA); (5) *Bivens* claim under the Fourth Amendment; (6) Retaliatory termination in violation of the First Amendment; (7) Due process violation under the Utah Constitution; (8) Retaliatory violation under the Utah Constitution; (9) Breach of contract; (10) Breach of the covenant of good faith and fair dealing; (11) Intention infliction of emotion distress; (12) Negligent infliction of emotional distress; (13) Fraud/Willful misrepresentation; (14) Negligent misrepresentation; (15) Defamation; and (16) False light invasion of privacy.

law claims (Causes of action 2, 3, 9–16) are preempted by the Utah Antidiscrimination Act (UADA) and should be dismissed because they amount to nothing more than discrimination or retaliation claims (*id.* at 4). L3Harris further argues that the part of Plaintiff's first cause of action under the UADA (the other part is under Title VII) is subject to dismissal because any subsequent state law claims under the UADA are now barred (*id.*). L3Harris then argues that Plaintiff's causes of action alleging constitutional right violations under the UPPEA, or any invoking *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971) (*Bivens*) (Causes of action 5, 6, 7, and 8) should be dismissed as L3Harris' status as a private actor precludes these claims (*id.* at 4–5). L3Harris also argues any remaining causes of action should be dismissed as they are barred given Plaintiff's at-will employment at the time of the suffered discrimination (*id.* at 5). Finally, as to Plaintiff's fraud and misrepresentation claims, L3Harris argues these fail for failure to state a plausible claim (*id.*).

The Individual Defendants' Motion joins L3Harris' Motion in making the same arguments for dismissing all but the Title VII and ADA claims against them (all but Causes of action 1 and 4) (ECF 51 at 4). Alternatively, as to the non-Title VII and ADA claims, the Individual Defendants argue they should be dismissed because they are not public employers, they were not Plaintiff's employers, and because Plaintiff has failed to state plausible claims (Causes of action 2, 3, and 5–16) (*id.* at 6–13). Lastly, the Individual Defendants argue Plaintiff's first and fourth causes of action should be dismissed against them because neither Title VII nor the ADA allow for individual liability (*id.* at 5).

Having considered the filings submitted by the parties, the court turns to the arguments.

## II.    LEGAL STANDARD

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a court may dismiss a

complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell v. Twombly*, 550 U.S. 544, 570) (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). In this review, a "court accepts as true well-pleaded factual allegations and views the allegations in the light most favorable to the plaintiff, drawing all reasonable inferences in the plaintiff's favor." *Hendershot v. Gurstel L. Firm, P.C.*, No. 2:20-cv-00118-DBB-DAO, 2020 WL 8083573, at *2 (D. Utah Dec. 17, 2020) (citing *Wilson v. Montano*, 715 F.3d 847, 852 (10th Cir. 2013)), *report and recommendation adopted*, 2021 WL 76163 (D. Utah Jan. 8, 2021).

Additionally, Rule 8 of the Federal Rules of Civil Procedure requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and further provides that "[e]ach allegation must be simple, concise, and direct," Fed. R. Civ. P. 8(d)(1). "Rule 8 serves the important purpose of requiring plaintiffs to state their claims intelligibly so as to inform the defendants of the legal claims being asserted." *Mann v. Boatright*, 477 F.3d 1140, 1148 (10th Cir. 2007). The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (internal quotation marks omitted).

In undertaking this analysis, the court is mindful that Plaintiff is acting *pro se* and that his filings are liberally construed and held "to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Still, a *pro se* plaintiff must "follow the same rules of procedure that govern other litigants." *Garrett v. Selby, Connor, Maddux*

& *Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (quoting *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994)). The court "will [also] not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997)).

## III.    ANALYSIS

Although not fully fleshed out in either of the Motions, L3Harris' Motion (ECF 45 at 5 n.3) and the Individual Defendants' Reply in Support of their Motion to Dismiss (ECF 58 at 8), raise Rule 8 concerns. The court agrees. First, several of Plaintiff's causes of action repeatedly allege multiple, combined, or independent theories for the causes of action, muddling the claims and the factual support for those claims. For example, Plaintiff's second cause of action for common law wrongful termination raises bald references to antitrust violations (ECF 41 at ¶ 343), racial discrimination (*id.* at ¶¶ 345, 353, 357), sexual harassment (*id.* at ¶ 346), an ADA violation (*id.* at ¶ 347), and even a deprivation of a property interest without due process of law (*id.* at ¶ 355). Similarly, Plaintiff's sixth cause of action is purportedly brought under the First Amendment of the U.S. Constitution, but also again repeats a myriad of factually unsupported statutory violations (*id.* at ¶ 409), alleges another deprivation of a property interest without due process of law (*id.*), and racial discrimination (*id.* at ¶ 414). Plaintiff's excessive repetition of allegations and causes of action makes his Second Amended Complaint difficult to understand.

Additionally, and somewhat related to the concern above, there are several instances in which Plaintiff seems to allege a type of violation but fails to substantiate any legal grounds for relief under the relevant cause of action or allege specific facts against each Defendant. For example, Plaintiff's twelfth cause of action cites to the False Claims Act twice (ECF 41 at ¶¶ 496, 500), but the twelfth cause of action is supposedly a claim for negligent infliction of emotion

distress. Likewise, the thirteenth cause of action is allegedly brought against all Defendants (ECF 41 at 75), but it first focuses on statements allegedly made by Defendant Brian Spencer, and then switches to discuss L3Harris' code of conduct and how the statements in it are fraudulent as to some unidentified defendant (ECF 41 at 75–81). Defendants, under these pleading deficiencies cannot possibly have fair notice of what Plaintiff's claim is, who it is pled against, and the grounds upon which it rests. The court therefore does not consider allegations that are not well pled under their respective causes of action.

The court acknowledges the less stringent pleading standard for pro se litigants, but the court cannot make legal arguments for Plaintiff. Regardless, the court liberally construes Plaintiff's Second Amended Complaint and will attempt to discern any properly alleged cause of action as addressed below.

### A. Plaintiff's First Cause of Action Alleging a UADA Violation is Dismissed as to all Defendants.

Plaintiff's first cause of action alleges in part a violation of the UADA against all Defendants (ECF 41 at 43). "A plaintiff may pursue his or her claims under the UADA only through state administrative procedures." *McNeil v. Kennecott Utah Copper Corp.*, No. 2:08CV41DAK, 2009 WL 2554726, at *5 (D. Utah Aug. 18, 2009), *aff'd sub nom. McNeil v. Kennecott Holdings*, 381 F. App'x 791 (10th Cir. 2010). The adjudicating agency for a "person claiming to be aggrieved by a discriminatory or prohibited employment practice" under the UADA is the Utah Antidiscrimination and Labor Division (UALD). Utah Code Ann. § 34A-5-107(1). Additionally, the commencement of an action under federal law for relief based on any prohibited act under the UADA bars any new or ongoing actions before the UALD relating to the same action. *McNeil*, 2009 WL 2554726, at *5; Utah Code Ann. § 34A-5-107(16).

Plaintiff did not file a claim with the UALD against L3Harris, and instead commenced this action in federal court after receiving the Notice of Right to Sue from the EEOC (*see* ECF 14-1).[2] Accordingly, any new claim or liability alleged against L3Harris under the UADA relating to this action is barred and dismissed with prejudice. *See, e.g.*, *McNeil*, 2009 WL 2554726, at *6 (holding that "any claims Plaintiff may have had under the UADA were terminated by his choice to pursue his federal discrimination claims under Title VII").

Regarding the Individual Defendants, because the allegations against them are in their personal capacity (*see* ECF 37 at 3; ECF 40 at 5–6), the first cause of action is dismissed with prejudice against them because "the UADA, like the ADA and Title VII, precludes individual capacity suits." *See, e.g.*, *Castillo v. Grames*, No. 1:19-cv-00057-RJS-DAO, 2020 WL 4739617, at *3 (D. Utah June 12, 2020), *report and recommendation adopted*, 2020 WL 4732121 (D. Utah Aug. 14, 2020); *Castellano v. Brigham Young Univ.*, No. 2:16-cv-01205-JNP-EJF, 2018 WL 4271039, at *3 (D. Utah Aug. 16, 2018) ("[T]he UADA mirrors the prohibition against individual capacity suits found in Title VII."), *report and recommendation adopted*, 2018 WL 4258164 (D. Utah Sept. 6, 2018).

The first cause of action is therefore DISMISSED WITH PREJUDICE, in part, as to the alleged liability under the UADA against all Defendants.

---

[2] The court takes judicial notice of the exhibit (The Notice of Right to Sue ECF 14-1) attached to a previous motion to amend the complaint filed by Plaintiff (ECF 14). *See Garcia-Rodriguez v. Gomm*, 169 F. Supp. 3d 1221, 1227 (D. Utah 2016) ("[A]lthough not obliged to do so, a court in its discretion may take judicial notice of publicly-filed records in [federal] court and certain other courts concerning matters that bear directly upon the disposition of the case at hand") (citation and internal quotation marks omitted); *see also Hodgson v. Farmington City*, 675 F. App'x 838, 840–41 (10th Cir. 2017) ("[F]acts subject to judicial notice may be considered in a Rule 12(b)(6) notice without converting the motion to dismiss into a motion for summary judgment" (quoting *Tal v. Hogan*, 453 F.3d 1244, 1264–65 n.24 (10th Cir. 2006))). This exhibit seems to be Plaintiff's relevant Notice of Right to Sue issued to him by the EEOC (ECF 14–1). The court takes notice of the Notice of Right to Sue.

**B. The First and Fourth Causes of Action Against the Individual Defendants are Dismissed because neither Title VII nor the ADA Permit Personal Capacity Suits.**

As argued in the Individual Defendants' Motion, Plaintiff cannot sue Defendants Charles Deneris or Brian Spencer in their individual capacities under Title VII or the ADA (ECF 51 at 3). "Under Title VII, suits against individuals must proceed in their official capacity; individual capacity suits are inappropriate." *Sauers v. Salt Lake Cnty.*, 1 F.3d 1122, 1125 (10th Cir. 1993). "The relief granted under Title VII is against the employer, not individual employees whose actions would constitute a violation of the [Civil Rights Act of 1964]. We think the proper method for a plaintiff to recover under Title VII is by suing the employer, either by naming the supervisory employees as agents of the employer or by naming the employer directly." *Busby v. City of Orlando*, 931 F.2d 764, 772 (11th Cir.1991) (citations omitted). As explained above, the Individual Defendants were brought into this suit under their individual capacities (*see* ECF 37 at 3; ECF 40 at 5–6). Accordingly, Plaintiff's claim under Title VII under the first cause of action against the Individuals Defendants is "inappropriate," and must be dismissed with prejudice. *See Sauers*, 1 F.3d at 1125.

Turning to Plaintiff's fourth cause of action under the ADA, Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. "Only public entities are subject to Title II." *City and Cty. Of San Francisco v. Sheehan*, 575 U.S. 600, 610 (2015); *accord Watson v. Utah Highway Patrol*, No. 4:18-CV-00057-DN-PK, 2019 WL 11314971, at *3 (D. Utah Dec. 27, 2019), *report and recommendation adopted*, 2020 WL 6157026 (D. Utah Oct. 21, 2020) (dismissing ADA claim brought against a trooper in his individual capacity). Tenth Circuit caselaw holds "that the ADA precludes personal capacity suits against individuals who do not otherwise

qualify as employers under the statutory definition." *Butler v. City of Prairie Vill., Kan.,* 172 F.3d 736, 744 (10th Cir. 1999). Accordingly, Plaintiff's fourth cause of action under the ADA, against the Individual Defendants must also be dismissed with prejudice.

Plaintiff argues in the opposition (ECF 57) that the Individual Defendants qualify as "employer[s]" under Title VII and the ADA (ECF 57 at 10). Although there is caselaw holding that individuals may qualify as an employer under Title VII, the individual liability is still imputed to the employer as opposed to the individuals themselves. *See Sauers*, 1 F.3d at 1125 (holding that despite the individual employee holding control over plaintiff's conditions of employment, plaintiff's "hostile work environment [claim] caused by Cannon's conduct [was] a claim against Salt Lake County itself"). And even if properly pled, claims under Title VII against individuals may be dismissed as redundant. *See McKinney v. Right At Home In-home Care & Assistance [RAH],* No. 2:20-CV-00472-JCB, 2020 WL 7212150, at *4 (D. Utah Dec. 7, 2020) (dismissing with prejudice as redundant and unnecessary Title VII claims against an individual employee brought in his official capacity because Plaintiff had asserted the same Title VII claim against the employer). Accordingly, Plaintiff's argument regarding liability under the ADA as to the Individual Defendants is unavailing.

Finally, Plaintiff's argument that Defendants are getting a second bite at this argument because the court allowed this claim as an amendment is inaccurate as the court did not rule on the merits of the argument, but instead simply rejected the opportunity to engage in a futility analysis based on L3Harris' lack of standing to challenge the amendment (ECF 40 at 5).[3] Plaintiff's claims

---

[3] Plaintiff also makes an argument that because the Individual Defendants are no longer employed with L3Harris, "case law poses liability" on them. Plaintiff fails to substantiate this argument with any legal authority, and the court therefore does not consider it sufficiently supported.

under Title VII and the ADA (Causes of action 1 and 4) against the Individual Defendants accordingly are hereby DISMISSED WITH PREJUDICE.

**C.  As to L3Harris, Plaintiff's Second, Ninth, Tenth, Eleventh, and Twelfth Causes of Action are Precluded by the UADA's Exclusive Remedy Clause.**

Under Utah law, a common law cause of action is preempted by a statute if: (1) the statute "reveals either an express or implicit legislative intent to preempt common law causes of action"; and (2) the alleged claim falls within the scope of what the legislature intended to preempt. *Graham v. Albertson's LLC*, 2020 UT 15, ¶ 10, 462 P.3d 367, 370. However, before reaching the preemption question, the court must first determine "if there was a valid claim at common law." *Id.* (citing *Jedrziewski v. Smith*, 2005 UT 85, ¶ 14, 128 P.3d 1146).

Although L3Harris' Motion argues the reasons for why each of Plaintiff's claims are preempted under the text of the UADA, it does not argue that Plaintiff's state-law claims are invalid. Accordingly, for purposes of the court's subsequent preemption analysis, the court assumes that each of Plaintiff's following state-law claims are valid. With the assumption that Plaintiff's state-law claims are valid, the court turns to the text of the UADA.

The UADA allows a "person claiming to be aggrieved by a discriminatory or prohibited employment practice" to request agency action. Utah Code Ann. § 34A-5-107(1)(a). The agency action can be with the UALD, which can then transfer it to the EEOC in accordance with the work-share agreement. *Id.* § 34A-5-107(1)(a)(d). However, the UADA procedures "are the exclusive remedy under state law for employment discrimination based" on race, color, sex, retaliation, age, religion, national origin, sexual orientation, gender identity and disability, among other protected classes. Utah Code Ann. § 34A-5-107(15). This also means that the UADA bars other state-law claims when the "statutory scheme supplies an indispensable element" of the claim. *See Retherford v. AT & T Commc'ns of Mountain States, Inc.*, 844 P.2d 949, 963 (Utah 1992), *holding modified*

by *Graham v. Albertson's LLC*, 2020 UT 15, 462 P.3d 367; *see also Jones v. Hunstman Cancer Hosp.*, No. 2:12CV814 DAK, 2013 WL 2145764, at *1 (D. Utah May 15, 2013) ("Despite Plaintiff's arguments to the contrary, a breach of contract claim [based on age discrimination] is a state law claim and is clearly barred by the exclusive remedy provision of the UADA.").

"The *Retherford* court promulgated a two-part 'indispensable element' test—drawn from the [Utah Worker's Compensation Act] preemption context—to determine when the UADA preempts pendant state law causes of action in an employment discrimination case." *Billy v. Edge Homes*, No. 219CV00058JNPEJF, 2020 WL 2572522, at *8 (D. Utah May 21, 2020). For the first part of the test, "the court must 'determin[e] what injuries the UADA is designed to address.'" *Id.* (quoting *Retherford*, 844 P.2d at 965). This has been found to be retaliation, sexual harassment, and gender discrimination regarding the terms, privileges, and conditions of employment. *Id.* at *8. "Second, the court must determine whether 'employment discrimination . . . supplies an indispensable element of any of [the plaintiff's] causes of action.'" *Id.* at *9 (quoting *Retherford,* 844 P.2d at 966). This determination focuses on the nature of the injury, not on the nature of the conduct allegedly responsible for that harm. *Id.* Stated otherwise, "state law tort or contract claims are exempt from UADA preemption if 'discrimination is not an indispensable element of these claims,' as shown by the plaintiff's ability 'to maintain [her state law] claims without alleging retaliatory harassment' or other discriminatory injury covered by the UADA." *Id.* (quoting *Retherford,* 844 P.2d at 966–67). Applying this standard, the court address the claims below.

1. The Second Cause of Action for Wrongful Termination is Precluded by the UADA as to L3Harris.

Plaintiff's second cause of action alleges wrongful termination in violation of public policy (ECF 41 at 45). Plaintiff alleges that he was wrongfully terminated by L3Harris' "willful racists and malicious" actions (*id.* at ¶ 357) after engaging in multiple acts of protected activity during his

11

employment (*id.* at ¶ 349) that included speaking up against discrimination, reporting sexual harassment, and his ultimate termination (*id.* at ¶¶ 345–50). As pled, Plaintiff would be unable to maintain this claim without alleging discrimination and retaliation. Accordingly, the court DISMISSES Plaintiff's second cause of action WITH PREJUDICE as to L3Harris.

> 2.  <u>Plaintiff's Ninth and Tenth Causes of Action for Breach of Contract are also Barred as to L3Harris.</u>

Plaintiff's ninth cause of action alleges a breach of contract claim (ECF 41 at 62). Plaintiff cites to L3Harris' personnel policies and code of conduct and alleges that Defendants breached their "promulgated policies" and that this breach was "willful, racist and malicious" (*id.* ¶¶ 439, 460, 462), explaining that Plaintiff reported discriminatory conduct, failed to address the claims, and ultimately retaliated against him. Because these alleged breaches arise from a discriminatory injury covered by the UADA, the UADA's exclusivity provision preempts Plaintiff's ninth cause of action against L3Harris. *See Jones*, 2013 WL 2145764, at *1 ("[A]ny provisions in the ... Employee Handbook purporting to vest [an] ... employee with additional contractual rights against discrimination would be contradictory to the[] statutory provisions [of the UADA]—specifically the exclusivity mandate—and would necessarily be invalid.") (quoting *Code v. Utah Department of Health*, 174 P.3d 1134, 1137 (Utah Ct. App. 2007)).

Plaintiff's tenth cause of action alleges breach of the covenant of good faith and fair dealing (ECF 41 at 68–70). The first sentence in the tenth cause of action states that it "re-alleges and incorporates" all the allegations under the ninth cause of action (*id.* at ¶ 466). Because the injury

alleged is the same in nature as in the tenth cause of action, it is preempted by the UADA as to L3Harris.[4] These claims are DISMISSED WITH PREJUDICE as to L3Harris.

3.   <u>Plaintiff's Eleventh and Twelfth Causes of Action are Barred as to L3Harris.</u>

Plaintiff's eleventh cause of action alleges a claim of intentional infliction of emotional distress (IIED), and the twelfth cause of action alleges a claim for negligent infliction of emotional distress (NIED) (ECF 41 at 70–75). Plaintiff argues that these claims are not preempted by the UADA as they are not related to the racial discrimination alleged in the Second Amended Complaint (ECF 52 at 6–7). However, both of Plaintiff's IIED and NIED claims allege that Defendants engaged in "retaliatory conduct against Plaintiff ... motivated by racism" (ECF 41 at ¶¶ 480, 494). Plaintiff goes on to give examples that occurred in the workplace: threats to employment, demotions, deprivation of promotions, micromanagement, etc. (*id.*). Plaintiff's IIED and NIED "claims plainly require proof of 'discrimination, retaliation, or harassment by an employer' and are therefore preempted by the UADA" as to L3Harris. *See Cluff v. Sportsman's Warehouse, Inc.*, No. 222CV00427JNPDBP, 2023 WL 6318119, at *3 (D. Utah Sept. 28, 2023) (dismissing plaintiff's proposed amendments to add IIED and NIED causes of action as futile and preempted by the UADA where plaintiff's pleadings made it so that proof of "discrimination, retaliation, or harassment by an employer" was necessary for the remedy plaintiff sought) (quoting *Gottling v. P.R. Inc.*, 61 P.3d 989, 990–95 (Utah 2002)). The court therefore DISMISSES WITH PREJUDICE Plaintiff's eleventh and twelfth causes of action against L3Harris.

---

[4] In addition to the alleged racial discrimination in the Second Amended Complaint, the court notes that Plaintiff also baldly repeatedly alleges to have suffered retaliation for reporting an alleged sexual assault (*see, e.g.*, ECF 41 at ¶¶ 346, 454, 468, 480, 497). Utah courts have found state law causes of action arising from discriminatory and retaliatory conduct from reporting sexual harassment to be the type of causes of action barred by the UADA. *See Plott v. Advanced Comfort Technologies, Inc.*, No. 1:18-cv-00048-TC, 2019 WL 1453062, *1–3 (D. Utah Apr. 2, 2019) (finding preempted by the UADA and dismissing various state-law tort causes of action where each dismissed cause of action depended "on the acts of sexual harassment"). Accordingly, any causes of action alleging sexual assault arising from the discriminatory and retaliatory conduct would also be preempted by the UADA.

**D. Plaintiff has Failed to Meet Rule 8 and 12(b)(6) Pleading Requirements as to the Second, Ninth, Tenth, Eleventh, and Twelfth Causes of Action against Individual Defendants.[5]**

In Plaintiff's second cause of action for wrongful termination in violation of public policy, eleventh cause of action for IIED, and in the twelfth cause of action for NIED, Plaintiff lumps all Defendants together and makes no effort to attribute specific conduct to any of the Individual Defendants. Several of Plaintiff's allegations also arise to nothing more than conclusory statements, resulting in Plaintiff failing to state a plausible claim. *See Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). The same is true as to the ninth and tenth contract law causes of action. Although Plaintiff mentions that the Individual Defendants presided over meetings that Plaintiff alleges served to create an implied-in-fact contract, Plaintiff fails to allege how it is that the Individual Defendants and Plaintiff were under a contractual relationship and ultimately lumps liability against all Defendants (ECF 41 at ¶¶ 445, 452, 453, 456, 457, 461). The Individual Defendants do not have "fair notice of what the . . . claim[s] [are] and the grounds upon which [they] rest[]." *Twombly*, 550 U.S. at 555. The court therefore DISMISSES WITHOUT PREJUDICE Plaintiff's second, ninth, tenth, eleventh, and twelfth causes of action against Individual Defendants.

---

[5] Defendant L3Harris and the Individual Defendants also sweepingly argue that *all* of Plaintiff's state causes of action should be dismissed with prejudice as they amount to nothing other than discrimination and retaliation claims preempted by the UADA (ECF 45 at 4 & ECF 51 at 4). Although this generalization may generally be true with employer defendants depending on what is pled, the same is not true with Individual Defendants. *See, e.g.*, *Judkins v. Anderson Drilling, Inc.*, No. 2:12CV421DAK, 2014 WL 6682422, at *4 (D. Utah Nov. 25, 2014) ("[T]here is no case law support for Defendants' argument that the UADA preempts an intentional infliction of emotional distress claim against the alleged harasser rather than the employer."). The court therefore declines to dismiss on this ground as Defendants have not properly addressed the claims against the Individual Defendants.

**E. Plaintiff's Third, Thirteenth and Fourteenth Causes of Action for Wrongful Termination, Fraud and Negligent Misrepresentation are Dismissed as to all Defendants for Failure to State a Claim.**

Plaintiff's third cause of action alleging wrongful termination under the UPPEA fails to state a claim (*see* ECF 41 at 50).[6] Plaintiff argues that his termination was in violation of the UPPEA because he reported in good faith what he believed were multiple violations of state or federal law, and Defendants took negative action against him based on Plaintiff's communications (*id.* at ¶¶ 360–66). However, the allegations do not comply with Rule 8 requirements, and Plaintiff has failed to state a plausible claim that any of the Defendants are public bodies as defined by the UPPEA. First, Plaintiff's entire third cause of action is alleged against all Defendants, but it does not identify any conduct as to any specific Defendant, making it impossible to determine how Defendants are independently liable. Additionally, Plaintiff's allegations regarding Defendants' status as a "public body" under the relevant statute are conclusory. Plaintiff's third cause of action simply alleges "[u]pon information and belief, L3Harris is primarily funded by or through states or local authorities, which meets the definition of 'public body' as per Utah Code Ann. 67-21-2-(11)" (*id.* at ¶ 363). Nothing else in this cause of action factually supports that L3Harris "primarily funded by or through states or local authorities." This is nothing more than a conclusory statement and alone cannot survive dismissal.

Plaintiff's thirteenth cause of action is for fraud (ECF 41 at 75–81).[7] According to Plaintiff, Defendant Brian Spencer on or about March of 2021 made several statements regarding Plaintiff's performance and job status that constitute fraud because Defendant Brian Spencer made the

---

[6] While Defendants moved to dismiss this claim under the preemption doctrine, they fail to address how preemption applies to a statutory claim.

[7] Defendants also argue that Plaintiff's fraud cause of action should be dismissed as it is preempted by the UADA. However, Defendants fail to provide any caselaw to support that position.

statements with the intent to "induc[e] the Plaintiff not to seek employment elsewhere" (*see id.* at ¶¶ 297–300, 305, 516). Plaintiff also again alleges that racial discrimination contributed to "Defendants' retaliatory actions" (*id.* at ¶ 521).

> Under Utah law, to state a claim for fraud, a plaintiff must allege the following elements:
>
> (1) a representation; (2) concerning a presently existing material fact; (3) which was false; (4) which the representor either (a) knew to be false, or (b) made recklessly, knowing that he [or she] had insufficient knowledge upon which to base such representation; (5) for the purpose of inducing the other party to act upon it; (6) that the other party, acting reasonably and in ignorance of its falsity; (7) did in fact rely upon it; (8) and was thereby induced to act; (9) to his [or her] injury and damage.

*CounselNow, LLC v. Deluxe Small Bus. Sales Inc.*, 430 F. Supp. 3d 1247, 1257 (D. Utah 2019) (quoting *Giusti v. Sterling Wentworth Corp.*, 2009 UT 2, ¶ 53 n.38, 201 P.3d 966, 977). "[A] promise of future performance, when made with a present intent not to perform and made to induce a party to act in reliance on that promise, constitutes actionable deceit and fraud." *Von Hake v. Thomas,* 705 P.2d 766, 770 (Utah 1985).

Under Rule 9(b), "a party must state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). The Tenth Circuit has explained that Rule 9(b) requires the Plaintiff to "identify the time, place, content, and consequences of fraudulent conduct," or in other words, to "plead the 'who, what, when, where and how of the alleged [fraud].'" *United States ex rel. Lemmon v. Envirocare of Utah, Inc.*, 614 F.3d 1163, 1171 (10th Cir. 2010) (citation omitted). The purpose of Rule 9(b) is "to afford defendant fair notice of plaintiff's claims and the factual ground upon which they are based." *Koch v. Koch Indus., Inc.*, 203 F.3d 1202, 1236–37 (10th Cir. 2000). However, "[m]alice, intent, knowledge, and other conditions of person's mind may be alleged generally." Fed. R. Civ. P. 9(b).

Plaintiff alleges a number of statements allegedly made by Defendant Brian Spencer that constitute fraud based on future promises specifically related to future employment status (ECF 41 at ¶ 298–300) and promotion status (*id.* at ¶ 305). However, Plaintiff's Second Amended Complaint fails to make factually sufficient allegations to meet the heightened pleading standard above under Rule 9(b) as to L3Harris and Defendant Charles Deneris. As explained above, although Plaintiff identifies "who, what, when, where, and how" allegedly fraudulent statements were made by Defendant Brian Spencer, *see* (ECF 41 at ¶¶ 297–309), Plaintiff does not identify any such statements by Defendant Charles Deneris or explain the legal basis for asserting that L3Harris' code of conduct constitutes fraudulent statements.

Even if Defendant Brian Spencer's alleged statements could somehow be imputed to L3Harris and Defendant Charles Deneris, regarding Defendants' intent not to perform the alleged fraudulent future promises, and directly related to the fourth element for a fraud claim, Plaintiff simply alleges that:

> Defendants Brian and L3 knew their statements of material facts were false, or made recklessly, knowing that they had insufficient knowledge on which to base such utterly false representations.

(ECF 41 at ¶ 516). This single allegation regarding the Defendants' intent not to perform any alleged future promises is nothing more than a conclusory statement insufficient to plead a plausible fraud claim.

For the same reason, Plaintiff's fourteenth cause of action for negligent misrepresentation (ECF 41 at 81) fails to state a claim. "The elements of a negligent misrepresentation claim 'are similar to those of fraud except that negligent misrepresentation does not require the intentional mental state necessary to establish fraud.'" *CounselNow, LLC*, 430 F. Supp. 3d at 1260 (quoting *Shah v. Intermountain Healthcare, Inc.*, 2013 UT App 261, ¶ 11, 314 P.3d 1079, 1085). "Instead,

the requisite mental state for negligent misrepresentation is that the defendant 'carelessly or negligently ma[de] a false representation.'" *Id.* (quoting *Moore v. Smith*, 2007 UT App 101, ¶ 36 n.12, 158 P.3d 562, 573).

Plaintiff's fourteenth cause of action essentially incorporates the relevant statements made by Defendant Brain Spencer cited under his thirteenth cause of action and simply adds that in the alternative of fraud, Defendant's statements "made to the Plaintiff, the public and the US Government, w[ere] carelessly or negligently made" (ECF 41 at ¶ 545). Just like with the thirteenth cause of action, this single allegation regarding Defendant Brian Spencer's intent at the time of making the alleged future promises is insufficient to plead a plausible claim. *See Marcovecchio v. Wright Med. Grp., Inc.*, No. 2:18-CV-00274, 2019 WL 1406606, at *10 (D. Utah Mar. 28, 2019) (dismissing negligent misrepresentation claim for failure to state a claim where "Plaintiff has not alleged any additional representations by Defendants beyond those identified on his claim for fraudulent misrepresentation"); *Fugal v. Wright Med. Grp., Inc.*, No. 2:18-CV-0367, 2019 WL 1406613, at *10 (D. Utah Mar. 28, 2019) (same).

Accordingly, the court DISMISSES WITHOUT PREJUDICE Plaintiff's third, thirteenth, and fourteenth causes of action.

### F. The Court Dismisses Plaintiff's Fifteenth and Sixteenth Causes of Actions for Defamation and False Light Against all Defendants as they are Untimely.

Regarding Plaintiff's fifteenth and sixteenth causes of action for defamation and false light respectively, Defendants first argue that the claims are barred by the UADA and therefore should be dismissed (ECF 45 at 14). However, Defendants again point to no caselaw to support this argument, and Plaintiff's Second Amended Complaint alleges damage to his reputation and professional credibility (ECF 41 at ¶ 565), which does not appear to come within the UADA. The court also did not find a case that categorically barred defamation or false light causes of action

under the UADA. Defendants' second argument, however, focuses on the timeliness of the causes of action (*id.* at 21–23).

"To establish a claim for defamation, [Plaintiff] must demonstrate that '(1) the defendant published the statements in print or orally; (2) the statements were false; (3) the statements were not subject to privilege; (4) the statements were published with the requisite degree of fault; and (5) the statements resulted in damages.'" *Tingey v. Midwest Off., Inc.*, No. 1:22-CV-00145-TC, 2023 WL 8602841, at *5 (D. Utah Dec. 12, 2023) (quoting *Oman v. Davis Sch. Dist.*, 194 P.3d 956, 972 (Utah 2008)).

Under Utah law, false light occurs when:

> (1) [an actor] gives publicity to a matter concerning another that places the other before the public in a false light; (2) the false light in which the other was placed would be highly offensive to a reasonable person; and (3) the actor had knowledge of or acted in reckless disregard as to the falsity of the publicized matter and the false light in which the other would be placed.

*Id.* (quoting *Stien v. Marriott Ownership Resorts, Inc.*, 944 P.2d 374, 380 (Utah Ct. App. 1997)). However, a one-year statute of limitations applies to defamation and false light claims. Utah Code Ann. § 78–12–29(4); *see also Jensen v. Sawyers*, 2005 UT 81, ¶ 33, ¶ 143, 130 P.3d 325, 332 (confirming that the one-year statute of limitations in § 78–12–29(4) applies to defamation and false light claims arising out of the same operative facts). A valid defamatory statement must also be made "within the year preceding the filing of the defamation claim." *Celli v. Shoell*, 995 F. Supp. 1337, 1345 (D. Utah 1998) (citing *Amica Mut. Ins. Co. v. Schettler*, 768 P.2d 950, 960 (Utah Ct. App. 1989)).

Upon careful review of Plaintiff's Second Amended Complaint, the latest arguable defamatory or false light allegations are alleged to have taken place during February and March of

2020 (ECF 41 at ¶ 238).[8] Plaintiff also learned about this statement on or about February or March of 2020 (*id.* at ¶ 237). Plaintiff filed his initial Complaint on January 18, 2022 (ECF 2 at 2). Accordingly, for any of the alleged unlawful statements to be properly before the court, the defamatory or false light statements must have occurred within a year prior to January 18, 2022, which did not occur. The court thus finds that Plaintiff's defamatory and false light claims are untimely and hereby DISMISSES the fifteenth and sixteenth causes of action WITHOUT PREJUDICE as to all Defendants.

Plaintiff, in his Opposition, tries to argue that his claims are not untimely because the President of L3Harris, on or about January 18, 2022, stated Plaintiff was a "'flawed character'" (ECF 52 at 17). Plaintiff also argues in the Opposition that Reese Brown[9] and Defendant Brian Spencer made further defamatory statements about Plaintiff on May 12, 2021 (*id.* at 18). However, these allegations are not in the Second Amended Complaint, and it is improper for the court to consider facts not pled in the operative complaint. *See Peretto v. Erickson*, No. 123CV00025DBBDBP, 2024 WL 555140, at *8 (D. Utah Feb. 12, 2024) (dismissing claim that is not actually alleged in the operative complaint).

### G. The Fifth, Sixth, Seventh, and Eighth Causes of Action are Dismissed as to all Defendants.

Plaintiff alleges four different causes of actions against all Defendants based on constitutional violations under the U.S. Constitution and the Utah Constitution (ECF 41 at 55–60). The fifth cause of action raises a property interest under the U.S. Constitution and cites to *Bivens* as its authority (*id.* at 55–57). *See Bivens v. Six Unknown Fed. Narcotics Agents,* 403 U.S. 388

---

[8] This statement is also not one made by a named defendant, and even if it were attributable to any of the named Defendants, it is barred as untimely.

[9] Mr. Reese Brown was allegedly the "HR business partner" for Plaintiff's group but is not a named defendant (ECF 41 at ¶ 261).

(1971). The sixth cause of action, also citing to *Bivens*, alleges a retaliatory violation of Plaintiff's First Amendment rights (*id.* at 57). The seventh and eighth causes of action allege constitutional violations under the Utah Constitution (*id.* at 58–60).

### 1.   Plaintiff's Fifth Cause of Action Fails for Multiple Reasons.

In *Bivens*, the Supreme Court "recognized for the first time an implied private action for damages against federal officers alleged to have violated a citizen's constitutional rights." *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 66 (2001) (holding under *Bivens*, there was no implied private right of action for damages against private entities that engaged in alleged constitutional violations while acting under color of federal law). "The purpose of *Bivens* is to deter individual federal officers from committing constitutional violations." *Id.* at 70. Moreover, expanding a cause of action under *Bivens* is "a 'disfavored' judicial activity." *See Ziglar v. Abbasi*, 582 U.S. 120, 135 (2017) (quoting *Iqbal*, 556 U.S. at 675); *see also Malesko*, 534 U.S. at 67 (describing permissible *Bivens* claims).

Plaintiff's fifth cause of action is brought against all Defendants and raises a property interest in his employment with L3Harris under *Bivens* and the U.S. Constitution (*id.* at 55–57). Plaintiff has failed to state a plausible claim under his fifth cause of action because he has failed to properly allege that L3Harris is a federal officer. *See Malesko*, 534 U.S. at 70 ("The purpose of *Bivens* is to deter individual federal officers from committing constitutional violations."). Plaintiff's only allegation in his Second Amended Complaint as to L3Harris' status as a federal officer is that L3Harris has previously admitted through a previous motion to dismiss (*see* ECF 13 at 8–9)[10] to "be[ing] a federal actor . . ., acting under the color of federal law" (ECF 41 at 401).

---

[10] Because Plaintiff raises this previous Motion to Dismiss (ECF 13) and it is central to Plaintiff's allegations, the court takes judicial notice of the Defendants' past filing *See Garcia-Rodriguez*, 169 F. Supp. 3d at 1227; *see also Hodgson*, 675 F. App'x at 840–41.

Taking judicial notice of this past filing by L3Harris, Plaintiff's characterization of the filing is inaccurate at best. L3Harris did not previously admit to being a federal agent acting under the color of federal law, instead, L3Harris was citing the allegation that Plaintiff made in the complaint and to a case that stated there was no liability "against a federal official or contractor" under 42 U.S.C. § 1983 (*id.* (citing *Irving v. PAE Gov't Servs., Inc.*, 249 F. Supp. 3d 826, 835 (E.D. Va. 2017)). Plaintiff alleges in the Second Amended Complaint that L3Harris is a "Contractor and a Subcontractor to the US Department of Defense" (ECF 41 at 29). Plaintiff has therefore failed to make well pled allegations that L3Harris is a federal officer.

Though not entirely clear, if Plaintiff is trying to allege that L3Harris is a federal agency, such a claim also fails. "*Bivens* claims cannot be asserted directly against ... federal agencies." *Mullins v. United States Immigr. & Customs Enf't*, No. 4:21-CV-00117-DN, 2022 WL 306668, at *3 (D. Utah Feb. 2, 2022), *appeal dismissed*, No. 22-4010, 2022 WL 3350508 (10th Cir. May 17, 2022) (quoting *Smith v. United States*, 561 F.3d 1090, 1093 (10th Cir. 2009)). Here, Plaintiff does not specify which type of federal public entity L3Harris may be, and the court cannot make assumptions on his behalf, but at least as to federal agencies, private recourse for Plaintiff under *Bivens* is not plausible.

Liberally construing Plaintiff's allegation that L3Harris is a "Public Entity" as defined by Utah Code Ann. § 67-21-1, or the UPPEA (ECF 41 at 30) and therefore this claim is properly pled, Plaintiff is also incorrect. The UPPEA defines a public entity as "a department, division, board, council, committee, institution, office, bureau, or other similar administrative unit of the executive branch of state government." Utah Code Ann. § 67-21-1(12). As defined by the statute, even if L3Harris was under the reach of the UPPEA, L3Harris would be considered a "state government" public entity, not federal. Thus, because L3Harris would not be a federal entity, Plaintiff fails to

again allege a plausible *Bivens* cause of action under this alternative theory. To the extent Plaintiff may assert that L3Harris could be liable as a private actor, this too is not plausible because *Malesko* "forecloses the extension of *Bivens* to private entities." *See Peoples v. CCA Det. Centers*, 422 F.3d 1090, 1099 (10th Cir. 2005), *opinion vacated in part on reh'g en banc*, 449 F.3d 1097 (10th Cir. 2006) (quoting *Malesko*, 534 U.S. at 66 n.2); *see also Mullins*, 2022 WL 306668, at *4 ("[A] *Bivens* action does not allow recovery against private entities."). Because a *Bivens* cause of action "is concerned solely with deterring the unconstitutional acts of individual officers," *Egbert v. Boule*, 596 U.S. 482, 498 (2022) (quoting *Malesko*, 534 U.S. at 71), as opposed to entities, L3Harris is not a proper defendant under *Bivens*. Thus, Plaintiff's fifth cause of action against L3Harris fails.

Plaintiff also fails to allege any factual support in the fifth cause of action against the Individual Defendants. Plaintiff alleges that the Individual Defendants are "public entity employees" under the UPPEA (ECF 41 at 30). However, as explained above, the public entity definition under the UPPEA, relates to state government, not federal. Plaintiff once again fails to include any plausible allegations that the Individual Defendants are federal officers. As such, Plaintiff has failed to allege a plausible claim under *Bivens* against the Individual Defendants.

Accordingly, Plaintiff's fifth cause of action against all Defendants is hereby DISMISSED WITHOUT PREJUDICE.

### 2. Plaintiff's Sixth Cause of Action Fails to State a Claim.

Plaintiff's sixth cause of action alleging retaliation in violation of Plaintiff's First Amendment rights (ECF 41 at 57) fails to state a claim. While Plaintiff includes a few more allegations to support the sixth cause of action alleging that L3Harris is "not a 'private entity' like Domino's Pizza" because it is "a major US contractor with substantial ties to States and local

authorities" (*id.* at 421), this single additional allegation does not save Plaintiff's sixth cause of action for the same reasons explained directly above. Additionally, the Supreme Court recently held that "there is no *Bivens* action for First Amendment retaliation." *Egbert*, 596 U.S. at 499; *see also Straker v. Stancil*, No. 20-CV-3478-WJM-STV, 2023 WL 4962147, at *3 (D. Colo. Aug. 3, 2023) (granting a motion to dismiss as to a First Amendment retaliation claim for the same reasons). As discussed above, there are no allegations against the Individual Defendants. Regardless, in light of the *Egbert* case, Plaintiff's sixth cause of action is DISMISSED WITHOUT PREJUDICE.

3.   Plaintiff's Seventh and Eighth Causes of Action for Constitutional Violations under the Utah State Constitution are also not Plausible.

Whether the claims asserted in Plaintiff's seventh and eighth causes of action are cognizable is unclear. The seventh cause of action incorporates the prior allegations including alleging violations of discrimination, racism, and sexual harassment (*i.e*, his employment claims), but Plaintiff then alleges such behavior led to a due process violation under the Utah Constitution (ECF 41 at 59). This claim is against all Defendants, but as noted above, Plaintiff only alleges that L3Harris (Plaintiff does not specifically pled it is a federal officer) has *admitted* to being a federal actor (which after taking judicial notice of the pleading referenced is not accurate information) but also that it a "public body" under the UPPEA that has ties to State and local authorities and is therefore more than a private entity. *Id*.

Likewise, the eighth cause of action has the same allegations but also alleges violations of freedom of speech under the Utah Constitution. *Id*. at 64–65. Defendants argue they could find no Utah case to recognize an express/implied cause of action for a violation of the Utah Constitution against a private entity and therefore the claim must be dismissed (ECF 45). However, this argument does not fully address the all-encompassing allegations—that L3Harris is a private

entity, state actor, and federal actor. Regardless, Plaintiff provides no legal authority for the claims in his opposition or explanation of exactly what he is asserting, instead arguing, because L3Harris receives large financial contributions from the State of Utah it is a complex issue (ECF 52 at 20). Such a response provides no clarity on what the nature of these claims are and how Plaintiff is able to assert such a claim.

If Plaintiff is attempting to assert a claim pursuant to 42 U.S.C. § 1983, which assumption is based upon the allegations that L3Harris is a public body, subcontractor with "substantial ties to States and local authorities" and not merely a private entity, he fails to state a claim. A civil action under 42 U.S.C. § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999). A claim under § 1983 thus requires (1) deprivation of a federally protected right by (2) an actor acting under color of state law. *See id.* As explained above, the two relevant constitutional provisions pled for the seventh and eighth causes of action come from the Utah Constitution and not the U.S. Constitution. Therefore, Plaintiff fails to meet the first element of a claim under § 1983 as this requires the deprivation of a federally protected right.

But even assuming that Plaintiff somehow meets this element, Plaintiff has also failed to meet the pleading standard for the second element, which requires an actor to act under the color of state law. Like above, Plaintiff again incorrectly alleges that Defendant has conceded to being a federal actor acting under federal law (ECF 41, ¶¶ 418, 429). The court also looks at the UPPEA as it is cited twice (*id.* ¶¶ 420, 431). As to Plaintiff's allegation that Defendants have conceded to being a federal actor acting under color of federal law, this allegation is irrelevant as § 1983 requires the relevant state agent to be acting under the color of state law. Moreover, as explained directly above, even if the court assumes arguendo that L3Harris is a public entity under the

UPPEA, and the Individual Defendants are state agents under L3Harris' purview, these causes of action must be dismissed because the causes of action do not allege a federally protected right.

In addition, "§ 1983 does not provide a cause of action against a federal official or contractor. By its own terms, § 1983 only applies to state actors acting under color of state law, not federal actors acting under color of federal law." *Irving v. PAE Gov't Servs., Inc*., 249 F. Supp. 3d 826, 835 (E.D. Va. 2017) (granting a motion to dismiss in a case where employee brought action against employer, a federal government contractor, and executives). And "the under-color-of-state-law element of § 1983 excludes from its reach 'merely private conduct, no matter how discriminatory or wrongful.'" *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (quoting *Blum v. Yaretsky*, 457 U.S. 991, 1002 (1982)).

Plaintiff also again cites to *Bivens* in his seventh and eighth causes of action, but as explained above, a *Bivens* claim is "only available when a federal actor violates a plaintiff's federal rights while acting under color of federal law." *Irving*, 249 F. Supp. 3d at 835–36. These claims allege state constitutional violations, not federal rights violations.

Simply put, the court is unable to discern the legal basis of these claims and if they are § 1983 claims or *Bivens* claims, they fail. The court therefore DISMISSES the seventh and eighth causes of action WITHOUT PREJUDICE.

## ORDER

For the reasons stated above, the court hereby ORDERS as follows:

1. Defendant L3Harris Motion to Dismiss (ECF 45) is GRANTED;

   a. Plaintiff's First (only as to the UADA), Second, Ninth, Tenth, Eleventh, and Twelfth Causes of Action against L3Harris are DISMISSED WITH PREJUDICE;

   b. Plaintiff's Third, Fifth, Sixth, Seventh, Eighth, Thirteenth, Fourteenth, Fifteenth, and Sixteenth Causes of Action against L3Harris are DISMISSED WITHOUT PREJUDICE;

2. Defendants Charles Deneris and Brian Spencer's Motion to Dismiss (ECF 51) is GRANTED;

    a. Plaintiff's First and Fourth Causes of Action against Charles Deneris and Brian Spencer are DISMISSED WITH PREJUDICE;

    b. Plaintiff's Second, Third, Fifth, Sixth, Seventh, Eighth, Ninth, Tenth, Eleventh, Twelfth, Thirteenth, Fourteenth, Fifteenth, and Sixteenth Causes of Action against Charles Deneris and Brian Spencer are DISMISSED WITHOUT PREJUDICE;

3. The only surviving claims are in causes of action 1 and 4 under Title VII and the ADA against Defendant L3Harris.

IT IS SO ORDERED.

DATED this 30 March 2024.

Magistrate Judge Cecilia M. Romero
United States District Court for the District of Utah